IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-31-D
No. 7:19-CV-212-D

| | |
|---|---|
| KINDRA DENISE ARNOLD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 25, 2019, Kindra Denise Arnold ("Arnold") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her 74-month sentence [D.E. 48]. On December 19, 2019, Arnold filed a second motion to vacate under section 2255 [D.E. 51]. On May 11, 2010, the government moved to dismiss Arnold's motion [D.E. 53] and filed a memorandum in support [D.E. 54]. On June 5, 2020, Arnold moved to extend time to file an appeal [D.E. 56]. On June 8, 2020, Arnold moved for appointment of counsel [D.E. 57]. As explained below, the court grants the government's motion to dismiss, dismisses Arnold's section 2255 motions, denies Arnold's motion to extend time to file an appeal, and denies Arnold's motion for appointment of counsel.

I.

On May 22, 2017, pursuant to a plea agreement Arnold pleaded guilty to interference with commerce by robbery and aiding and abetting (count one), and brandishing a firearm in furtherance of a crime of violence and aiding and abetting (count two). See [D.E. 13, 14]. On November 29, 2017, the court held Arnold's sentencing hearing and calculated Arnold's total offense level to be 19, her criminal history category to be I, and her advisory guideline range on count one to be 30 to

37 months' imprisonment, and 84 months' consecutive imprisonment on count two. See Sentencing Tr. [D.E. 47] 3–6. After granting the government's motion for downward departure and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Arnold to 36 months' imprisonment on count one and 38 months' consecutive imprisonment on count two, for a total of 74 months' imprisonment. See id. at 18–24. Arnold did not appeal.

In Arnold's section 2255 motion, she argues that Davis v. United States, 139 S. Ct. 2319 (2019), requires the court to vacate her Hobbs act conviction under 18 U.S.C. 924(c). See [D.E. 48]; [D.E. 51] 4.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

2

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Arnold procedurally defaulted her claim by failing to raise this claim on direct appeal. Thus, the general rule of procedural default bars Arnold from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Arnold has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which she now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Accordingly, the claim fails.

Alternatively, the claim fails on the merits. A petitioner bringing a collateral attack under section 2255 bears the burden of proving that the sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255(a). A petitioner must prove her grounds for collateral relief by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C. § 924(c)(3). In United States v. Davis, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. See 139 S. Ct. 2319, 2336 (2019). However, in United States v. Mathis, the Fourth Circuit held "that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." 932 F.3d 242, 266 (4th Cir. 2019). Therefore, because Arnold's Hobbs Act robbery offense remains a crime of violence under 18 U.S.C. § 924(c)(3)(A), Arnold's section 2255 claim fails.

After reviewing the claim presented in Arnold's motion, the court finds that reasonable jurists would not find the court's treatment of the claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Arnold's motion to extend time to file an appeal, the court denies the motion. This court explained the appeal process during the Rule 11 hearing and after sentencing Arnold. Arnold did not timely appeal, and the court denies as meritless Arnold's motion to extend time to file an appeal. See Fed. R. App. P. 4(b)(4); United States v. Branch, 803 F. App'x 714, 715 (4th Cir. 2020) (per curiam) (unpublished).

As for Arnold's request for appointment of counsel, no constitutional right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Arnold has adequately set forth her claims. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Arnold's motion for appointment of counsel.

4

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 53], DISMISSES Arnold's section 2255 motions [D.E. 48, 51], DENIES a certificate of appealability, DENIES as meritless Arnold's motion to extend time to file an appeal [D.E. 56], and DENIES Arnold's motion for appointment of counsel [D.E. 57]. The clerk shall close the case.

SO ORDERED. This 12 day of August 2020.

JAMES C. DEVER III
United States District Judge