IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-31-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KINDRA DENISE ARNOLD, | ) | |
| | ) | |
| Defendant. | ) | |

On July 23, 2020, Kindra Denise Arnold ("Arnold") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 58, 63]. On November 18, 2020, the United States responded in opposition [D.E. 65]. As explained below, the court denies Arnold's motion.

I.

On May 22, 2017, pursuant to a waiver of indictment and with a written plea agreement, Arnold pleaded guilty to interference with commerce by robbery and aiding and abetting (count one) and brandishing a firearm in furtherance of a crime of violence and aiding and abetting (count two). See [D.E. 13, 14]. On November 29, 2017, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 42, 44, 45, 47]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Arnold's base offense level to be 19, her criminal history category to be I, and her advisory guideline range to be 30 to 37 months' imprisonment on count one and 84 months' consecutive imprisonment on count two. See [D.E. 45] 1; [D.E. 47] 5. After granting the government's motion for downward departure and thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Arnold to 36 months' imprisonment on count one and 38 month's consecutive imprisonment on count two, for a total of 74 months' imprisonment. See [D.E. 44] 2; [D.E. 47] 17–22. Arnold did not appeal.

On October 25, 2019, Arnold moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence [D.E. 48]. On December 19, 2019, Arnold filed a second motion to vacate under section 2255 [D.E. 51]. On May 11, 2020, the government moved to dismiss Arnold's motion [D.E. 53] and filed a memorandum in support [D.E. 54]. On August 13, 2020, the court granted the government's motion to dismiss and dismissed Arnold's section 2255 motions. See [D.E. 61].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

2

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but

---

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Arnold's request for compassionate release, Arnold has exhausted her administrative requirements. On June 10, 2020, Arnold submitted a request for compassionate release to the BOP, which the BOP denied on June 30, 2020. See [D.E. 63] 3; [D.E. 63-6]. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Arnold's claim on the merits.

Arnold seeks compassionate release pursuant to section 3582(c)(1)(A). In support of her request, Arnold cites the COVID-19 pandemic and her health conditions, including hypertension, obesity, sleep apnea, major depressive disorder, a blood clot in her liver, unspecified pain, ovarian dysfunction, carpal tunnel syndrome, hyperthyroidism, and a lacrimal system disorder, among other ailments. See [D.E. 58] 2; [D.E. 63] 2, 5–6; [D.E. 63-4]. Arnold also cites her rehabilitation efforts, her release plan, and that she served over 78% of her sentence. See [D.E. 58]; [D.E. 63] 1–2, 7–8; [D.E. 63-1]; [D.E. 63-2]; [D.E. 63-5].

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Arnold states that she suffers from hypertension, obesity, sleep apnea, major depressive disorder, a blood clot in her liver, unspecified pain, ovarian dysfunction, carpal tunnel syndrome, hyperthyroidism, and a lacrimal system disorder, among other ailments, she has not demonstrated that she is not going to recover from these conditions or that they cannot be treated while Arnold serves her sentence. Accordingly, reducing Arnold's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Arnold's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Arnold's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Arnold is 48 years old and engaged in very serious criminal behavior over a period of seven and one-half months in 2015 and 2016. See PSR ¶¶ 9–27. Arnold participated in seven armed robberies as a getaway driver. See id. Nonetheless, Arnold has no prior criminal history, cooperated with authorities, and has taken some positive steps while incarcerated. See id. at ¶¶ 27, 33; [D.E. 58]; [D.E. 63] 7. The court also has considered Arnold's potential exposure to COVID-19, her

6

health conditions, her rehabilitation efforts, and her release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Arnold, the section 3553(a) factors, Arnold's arguments, the government's persuasive response, and the need to punish Arnold for her criminal behavior, to incapacitate Arnold, to promote respect for the law, to deter others, and to protect society, the court declines to grant Arnold's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Arnold's request for home confinement, Arnold seeks relief under the CARES Act. See [D.E. 58, 63]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Arnold's request for home confinement.

II.

In sum, the court DENIES Arnold's motion for compassionate release [D.E. 58], and DISMISSES Arnold's request for home confinement.

SO ORDERED. This 28 day of January 2021.

JAMES C. DEVER III
United States District Judge